CITY OF KIRKWOOD to use of FARMERS & MER-
CHANTS TRUST COMPANY v. HILLCREST
REALTY COMPANY, Appellant.

Division One, December 30, 1920.

APPELLATE JURISDICTION: Joint Sewer District: Constitutional
Question. In a suit on special tax bills amounting to $307.24, is-
sued under a contract for the construction of a joint district
sewer, in a district formed under an ordinance which purported
to unite two of four existing sewer districts, wherein the defense
is that the supposed joint district sewer is in fact a public sewer
and ought to be paid for out of the city revenue, averments that
to issue special tax bills against defendant's property in payment
for the sewer would violate the Fourteenth Amendment and Sec-
tion 30 of Article II of the Missouri Constitution, in that it
would deprive him of his property without due process of law,
and that such assessment is in violation of Section 3 of Article X
of the Missouri Constitution, in that it is an attempt to tax
only a part of the property within the city for a public sewer
and therefore the tax is not uniform, do not so raise a constitu-
tional question as to give the Supreme Court jurisdiction of an
appeal from a judgment against defendant. Those averments do
not allege a violation of constitutional provisions, but simply raise
the question whether the supposed joint district sewer is a public
sewer, and that question is to be determined by the character of
the sewer and a construction of the statutes, and does not involve
the validity of such statutes.

Appeal from St. Louis Circuit Court.—*Hon. John W.
McElhinney*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*Albert Chandler* for appellant.

*Frank J. Wiget* for respondent.

GOODE, J.—This action was filed by the plaintiff
as the assignee of sixteen special tax bills, dated Feb-
ruary 23, 1911, amounting to $307.24, and issued by the
City of Kirkwood to E. J. Welsch, who, under a contract

with the city, had laid what is called in the petition a joint district sewer in Leffingwell Avenue Joint Sewer District. This joint sewer district was formed by an ordinance of the city, number 932, approved August 20, 1910, which purported to unite sewer districts 1 and 4 of the city into said joint sewer district. The lots against which the tax bills in controversy were issued lie in district number 4 and belong to the defendant, Hillcrest Realty Company.

The trial in the circuit court resulted in a judgment against the defendant's property for the full amount of the sixteen tax bills and an appeal was taken to this court.

In our opinion we are without jurisdiction of the appeal; the amount of the judgment was not sufficient to give this court jurisdiction, nor is it relied on for that purpose.

In the answer the defendant alleged that the supposed joint district sewer was in fact a public sewer, ought to be paid for out of the revenue of the city, and that to issue special tax bills against defendant's lots to pay for it would violate the Fourteenth Amendment of the Federal Constitution, and also Section 30, Article II, of the Constitution of the State, in that it would deprive defendant of his property without due process of law; further, that the assessment is a violation of Section 3, Article X, of the State Constitution, because it is an attempt to tax only a part of the property within the city for a public sewer, which tax would not be uniform upon the same class of subjects within the territorial limits of the city; also that the assessment is in violation of Section 7 of Article X of the Constitution of Missouri in that property is exempted outside of sewer districts numbers 1 and 4 and the whole cost of the improvement thrown upon the property in those districts. No declarations of law were requested, nor was there any finding of the facts in the lower court, the assignments of error being made upon the evidence as a whole.

The contention that the cited clauses of the Federal and State Constitutions would be violated by the en-

forcement of these tax bills, is made principally, if not entirely, upon the proposition that the sewer in question was a public sewer which, as stated, under the law, must be paid for by the city out of its treasury instead of by special tax bills. Whether that proposition is sound or not depends, entirely, upon the determination of the character of the sewer in question, and this is to be ascertained by a construction of the statutes of the State and from pertinent decisions of its courts. The different classes of sewers, public, private, district and joint district sewers, are mentioned in the statutes and, if not defined in express words, are, at any rate, so far distinguished that whether any given sewer is of one class or another can be judicially ascertained without reference to any of the constitutional provisions invoked.

Another defense is that most of the natural drainage of sewer district number 4 was away from the valley or watercourse in which the Leffingwell Joint District Sewer was laid, and the inclusion of sewer district number 4 in the joint sewer district was therefore illegal, as the statutes provide that in the formation of joint sewer districts in cities of the fourth class, no sewer district shall be included "which is not contained in the natural drainage area of the valley or watercourse in which the joint district sewer is proposed to be constructed." [R. S. 1909, sec. 9390.] It is obvious that the decision of whether the tax bills were rendered unlawful by the inclusion of district number 4 in the joint sewer district, when it should not have been because of the course of its natural drainage, calls for the interpretation of the cited section of the statutes and does not call for a decision of any constitutional clause.

Another error assigned is that the joint district sewer, which discharges inside the city boundary, flows on over private lands, and that for the defendant to connect with it would be to participate in causing a nuisance; therefore the defendant's lots are not benefited by the joint district sewer and cannot be taxed for it. Whether or not this circumstance would defeat the tax bills in-

volves no substantial constitutional question. It is true the ''Due Process'' clause of the State and Federal Constitutions protects property and property owners from a purely arbitrary exercise of the power to impose either general or special taxes. But this assignment is not based on any fact in evidence tending to prove the city acted in that way. The proposition is that the improvement might turn out to be useless to defendant in consequence of the flow of the sewage over private lands. We fail to perceive how the city's omission thus far, to make terms with the owners of the lands, can render said constitutional provisions relevant to the decision of the present case. It appears the sewage is being carried away and there is nothing in the record to prove the owners of the land have complained of it as a nuisance or have objected to the flow. What bearing upon the validity of the tax bills the particular circumstance may have is to be determined by the statutes and rules of law governing special assessments.

Still another error assigned is that the petition is fatally defective in not alleging the defendant's lots are in the taxed district, or tributary to the sewer; and also because the joint sewer is designated in the petition by a different name from the one used in the tax bills. Of course, this assignment involves no constitutional question.

It is ordered that the cause be transferred to the St. Louis Court of Appeals. All concur.